Filed 8/27/24  In re M.G. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION EIGHT

| | |
|---|---|
| In re M.G., a Person Coming Under the Juvenile Court Law. | B325264<br><br>Los Angeles County<br>Super. Ct. No. 22LJJP00044B |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL G.,<br><br>        Defendant and Appellant;<br><br>C.M.,<br><br>        Defendant and Respondent;<br><br>M.G., a Minor, etc.,<br><br>        Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Stephanie M. Davis, Commissioner.  Affirmed.

Anuradha Khemka, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Respondent.

Janette Freeman Cochran, under appointment by the Court of Appeal, for Minor.

---

## SUMMARY

The juvenile court terminated dependency jurisdiction over the child who is the subject of this appeal, M.G., on October 11, 2022.  The juvenile custody order, filed on October 28, 2022 and signed by the court on November 28, 2022, awarded joint legal and joint physical custody to the parents.  The father appeals, contending the order for joint physical custody should be reversed as an abuse of discretion.  We find no merit in father's assertion and affirm the court's orders.

## FACTS

M.G. was born in December 2014.  His parents are Michael G. (father) and C.M. (mother).  They are not married and do not live together.  Mother has another son, R.G., born in May 2013, with a different father whose whereabouts are unknown.

In January 2022, the Los Angeles County Department of Children and Family Services (Department) detained M.G. and R.G. from mother, and released them to the home of father (in R.G.'s case, temporarily).  The boys were detained because on December 3, 2021, mother had dropped off M.G. at a church, telling the pastor she could not handle M.G. anymore.  Mother told the pastor he could take M.G. to his grandmother, and gave the pastor a nonexistent address.

In March 2022, the juvenile court sustained allegations under Welfare and Institutions Code section 300, subdivision (b),

2

that mother had mental and emotional problems that placed her two children at risk of harm. (Further statutory references are to the Welfare and Institutions Code.) These problems included "diagnoses of depression and schizophrenia, auditory hallucinations and a history of a suicide attempt," as well as thoughts of hurting M.G. on December 3, 2021. Father submitted to the court's jurisdiction and agreed to six months of services.

This appeal concerns only M.G., but some facts concerning R.G. are relevant.

On April 11, 2022, both children were declared dependents of the court. M.G. was removed from mother and placed with father under the Department's supervision. The court ordered monitored visitation with M.G. for mother, with the Department's discretion to liberalize visitation "up to release of the minor." Among various other orders, including family preservation services and drug testing for mother, the court ordered father not to interfere with visitation and not to make disparaging remarks about mother.

R.G. was placed home with mother on the condition he was not to be left alone with her. (Mother lived with her husband, A.D., and his aunt, both of whom agreed to monitor mother's contact with R.G.)

Father appealed from the disposition orders (case No. B320058), but the appeal was dismissed as abandoned after father's counsel filed a brief pursuant to *In re Phoenix H.* (2009) 47 Cal.4th 835.

The disposition order set October 11, 2022 for a judicial review hearing under section 364, which governs review hearings in cases where the child is not removed from the physical custody of his parent at the disposition hearing. Within six months of the

disposition, the court must hold a hearing to determine whether continued supervision is necessary.  (§ 364, subds. (a) & (c).)

An interim review report in July 2022 revealed that mother had failed a drug test on June 3, 2022; mother "was not forth coming with her relapse" until after the social worker told her of the positive test result.  Mother said she relapsed because of stresses including the recent death of her best friend.  Because of mother's relapse, the Department did not liberalize her visits with M.G., but her other son remained in her home without incident.

The July 2022 report also stated that M.G., when away from his home with father, "speaks freely and acts more confident as he reports he likes visits [with mother], feels safe and well cared for in mother[']s home and would like longer visits."  After mother's June 3, 2022 relapse, she tested negative on 10 separate occasions.

The Department's October 10, 2022 status review report, prepared September 15, 2022, includes mother's statement that, at the time of the incident that led to M.G.'s removal, "she was on psychotropic medications that were causing her to have troubling side effects that would have her act erratically," and she has since "modified her psychotropic medications and has maintained ongoing contact with her psychiatric social worker and psychiatrist."  Mother stated her relationship with M.G. was "still not back to normal, but she wants to continue to repair their bond."  Mother was enrolled in classes including an intensive outpatient drug treatment program that she began on July 25, 2022.  The program's September 14, 2022 progress report stated mother "has shown good insight into her addiction and the

4

disease concept" and was "showing excellent progress in treatment and recovery."

As stated at the outset, at the October 11, 2022 review hearing, the juvenile court terminated jurisdiction over M.G. and R.G., finding the conditions justifying the initial assumption of jurisdiction no longer existed. In R.G.'s case, the court granted full custody to mother, as recommended by the Department.

In M.G.'s case, the Department adhered to its recommendation of sole physical custody of M.G. to father. The court stated it had expected last minute information about the Department's recommendation on mother's visitation, but the Department's counsel explained there had been a change in social workers and the expected information "got lost in a way," so there would be no further information.

The juvenile court did not agree with the Department's recommendation for monitored visits for the mother "considering the status of the other child [R.G.] and the mother's continued progress. I don't see any basis for monitored visits."

Father's counsel asked for sole legal and sole physical custody, reminding the court of mother's June 3, 2022 relapse and of father's belief that mother did not have "the protective capacity required to take care of [M.G.]."

Mother's counsel requested joint custody, observing the court had just ordered M.G.'s half brother to be solely in mother's care. M.G.'s counsel also argued for joint custody, saying that M.G. "would like a little bit more time with his mother." Counsel stated she had "concerns about the messages being given by the father to the child based on my conversations with the child," and she "[did] not see a safety risk to [M.G.] in having joint custody." Counsel for the Department acknowledged "the conflict in the

5

[Department's] recommendations" for the two boys, but had no further information to offer.

The court observed there was "an issue of a lack of coparenting between [father] and [mother].  [Father] throughout this entire proceeding has never agreed with the orders made by the court with respect to [M.G.].  He continues to indicate that [mother] is not acting appropriately and not being appropriate during the visitation.  [¶]  I have warned actually both parents in the past that if there was an inability for them to get along, that the court would make orders that one or both of them were not going to like but are going to be in the child's best interest.  And I think today is the day that the court makes those orders."

The court stated that mother "has addressed [her] relapse and has continued to have her eight-year-old child [R.G.] in her custody with no issues.  [¶]  There is no legal basis for the court to follow the Department's recommendation with respect to [M.G.]."  The court stated its agreement with M.G.'s counsel that it was in M.G.'s best interest for his parents to share custody, and there were no safety concerns.

After terminating jurisdiction, the court ordered father and mother to mediation to work out the details of the custody order.  The court warned:  "If you do not participate in mediation in good faith, then . . . I will come back and make the decisions myself.  And I can guarantee that the parent who is not cooperative with the mediator and does not in good faith participate in the mediation will not like the orders that the court is making."

At the October 28, 2022 hearing, the court was informed that father refused to participate in the mediation, so there was no agreement on a custody schedule.  The court found there was not good faith participation by father, and made an order for

custody time.  The court ordered mother to have custody of M.G. Mondays and Wednesdays from 4:00 p.m. to 7:00 p.m., every other weekend, plus an alternating holiday schedule and alternating weeks of summer vacation, with the child's primary residence to be with father.

Father was present by phone at the hearing, but "end[ed] his call halfway through the hearing."  The court stated:  "And that action explains exactly and his actions throughout these proceedings explains exactly why the court is making the orders that it is."

Father filed a timely appeal from the orders made at the October 11 and October 28, 2022 hearings.

## DISCUSSION

Father argues the juvenile court abused its discretion when it ordered joint physical custody of M.G.  The order was "arbitrary and unreasonable," father says, "given the lack of progress made by Mother and the state of her relationship with [M.G.]."  Father cites mother's June 3, 2022 positive drug test and characterizes her "failure to be forthcoming" about her drug use at that time as a "red flag" that should not have been disregarded by the court.  Father states he "has a difficult personality" and his "frustration as a non-offending parent" should not have had any bearing on the custody orders, "especially in light of the unresolved safety issues Mother presented."

Father fails to show any abuse of discretion by the juvenile court.  A reviewing court will not disturb a custody determination in a dependency proceeding unless the trial court has exceeded the bounds of reason.  (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)  " ' "When two or more inferences can

7

reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*Id.* at p. 319.)

Here, the facts we have described constitute substantial evidence supporting the juvenile court's conclusion that joint physical custody was in the best interests of the child. Mother's other child was placed in her full physical custody, and the Department offered no justification for a different result for M.G. The court did not ignore the evidence of mother's relapse in June 2022; it is father who ignores the evidence that mother had been enrolled in an intensive outpatient treatment program since July 2022, had tested negative many times after her single positive test in June 2022, and had shown "excellent progress in treatment and recovery." Indeed, father's statements concerning mother's "lack of progress" and "the unresolved safety issues Mother presented" find no support in the record. And M.G.'s counsel, as well as mother's counsel, agreed that joint physical custody would be in M.G.'s best interest.

In short, there is no basis upon which this court may disturb the juvenile court's custody orders.

## DISPOSITION

The juvenile court's orders awarding joint physical and joint legal custody of M.G. to father and mother are affirmed.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.     VIRAMONTES, J.

8